IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WENDY YOUNG,

    Plaintiff,

v.                                            Civil Action No. 5:15cv89
                                            (Judge Stamp)

TERRY O'BRIEN, Warden; DR.
GREGORY MIMS, Clinical Director;
and JANET SHACKELFORD, BOP
Medical Director,

    Defendants.

## REPORT AND RECOMMENDATION THAT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED

On July 10, 2015, the *pro se* plaintiff filed this Bivens[1] civil rights action, along with a Motion for Leave to Proceed *in forma pauperis* ("IFP") and a copy of her Prisoner Trust Account Report ("PTAR") with its attached Ledger Sheets. She did not file a Consent to Collection of Fees from Trust Account. The Clerk of Court issued a Notice of Deficient Pleading erroneously directing plaintiff to file a PTAR within 21 days. On July 13, 2015, having discovered the error, the Clerk issued an Amended Notice of Deficient Pleading, directing plaintiff to submit the Consent to Collection of Fees.

On July 30, 2015, plaintiff filed the Consent to Collect, along with another PTAR, albeit without the Ledger Sheets.

In her IFP affidavit, the plaintiff denies being employed at the institution; denies owning any assets; but admits to receiving money from "any other sources." (Dkt.# 2 at 2). Although directed by the form IFP affidavit to "describe each source of money and state the amount received and what you expect you will continue to receive[,]" plaintiff did not elaborate and left that section of the affidavit blank. The June 23, 2015 PTAR completed by the Correctional

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Counselor, filed with the plaintiff's complaint indicates that plaintiff's average monthly deposits within the six months prior to the filing of the complaint were $635.22, and that her account balance at that time was $464.61. The attached Ledger Sheets are incomplete, in that they only provide a "snapshot" summary of the 6 months activity in the account on that date, without providing the monthly detail that would reveal the source of plaintiff's income and her monthly expenditures. The second PTAR, dated July 17, 2015, and filed on July 30, 2015 without Ledger Sheets indicates that plaintiff's account balance at that time was $974.61 and her average monthly deposits during the six months prior to the filing of the complaint were $646.24.

Consequently, it appears that the plaintiff has sufficient funds to pay the $400.00 filing fee. Accordingly, the plaintiff's request to proceed without prepayment of fees (Dkt.# 2) should be **DENIED**, and the plaintiff should be ordered to pay the full filing fee. The plaintiff should also be warned that the failure to pay the full filing fee within the time allowed by the Court will result in the dismissal of her complaint.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by August 19, 2015,** the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on his docket sheet.

DATED: August 5, 2015

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE