IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WENDY YOUNG,

        Plaintiff,

v.                                                  Civil Action No. 5:15CV89
                                                              (STAMP)

TERRY O'BRIEN,
Complex Warden,
DR. GREGORY MIMS,
Clinical Director and
DR. JANET SHACKELFORD,
BOP Medical Director,

        Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE AND**
**OVERRULING THE PLAINTIFF'S OBJECTIONS**

I.    Background

The pro se[1] plaintiff, a federal inmate, filed an action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In addition to her complaint, the plaintiff filed an application to proceed in forma pauperis ("IFP") status. The record shows that she did not file a consent to collection of fees from the trust account with her IFP. The Clerk then issued an amended notice of deficient pleading, wherein the clerk directed the plaintiff to file the consent form, which the plaintiff filed. The record shows, however, that the plaintiff failed to properly

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

describe her sources of income in her IFP affidavit. In his report and recommendation, United States Magistrate Judge James E. Seibert reviewed the plaintiff's most recent prisoner trust account report, which shows a balance of over $900.00. Further, the magistrate judge found that the plaintiff received average monthly deposits of over $600.00 during the preceding six months. Based on that information, and the incomplete ledger sheets provided by the plaintiff, Magistrate Judge Seibert recommended that the plaintiff's application for IFP status be denied. Therefore, the magistrate judge recommends that the plaintiff be required to pay the $400.00 filing fee.

The plaintiff then filed objections to the report and recommendation. In her objections, the plaintiff claims that her income is given to her as "gifts" from outside sources without any advance notice to the plaintiff. Because she was unaware of the $400.00 filing fee, the plaintiff seeks to "come in agreement with this Court" to have $100.00 deducted each month from her account until she pays the filing fee.

For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted, and the plaintiff's objections are overruled.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation

to which an objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

As stated earlier, the magistrate judge recommends that this Court deny the plaintiff's application to proceed under IFP status. In support of that recommendation, the magistrate judge points out that not only does the plaintiff's account balance amount to $974.61, but also that her average monthly deposits during the past six months prior to the filing of her complaint totaled $646.24. ECF No. 12. However, the plaintiff seeks to have this Court "negotiate" her payment of the filing fee. More specifically, the plaintiff seeks to pay $100.00 a month because she is "never forewarned on the amount of money that may be placed" in her account "from outside sources." ECF No. 14.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of an action "without the prepayment of fees or security therefor, by any person who submits an affidavit . . . ." The affidavit must include "a statement of all assets such person possesses and that the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a)(1). The language of § 1915 permits this court, "in its discretion, to determine who is entitled to the benefits of litigation without costs." In re Williamson, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting Braden v.

Estelle, 428 F. Supp. 595, 598 (S.D. Tex. 1977)); see Blakely v. Wards, 738 F.3d 607, 613 (4th Cir. 2013) (acknowledging that the district court "has discretion to allow[] the commencement of a suit without prepayment of fees"). When seeking IFP status, a prisoner must submit an affidavit that states that prisoner's assets and that he or she cannot pay such fees. 28 U.S.C. § 1915(a)(1). In addition to such affidavit, the prisoner "shall submit a certified copy of the trust fund account statement" spanning the six-month period immediately before the prisoner files his or her complaint. Id. § 1915(a)(2). If a district court determines that the prisoner's "allegation of poverty is untrue" under 28 U.S.C. § 1915(e)(2)(A), then that district court must dismiss the action. Emerit v. Bank of America, Inc., 566 F. App'x 265 (4th Cir. 2014) (per curiam); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006).

It should be noted that IFP status is "'a privilege, not a right.'" Kunamneni v. Locke, 2010 WL 1946124, at *1 (E.D. Va. May 12, 2010) (quoting "Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986)). To proceed in forma pauperis, a plaintiff need not demonstrate absolute destitution. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). IFP status is, in essence, "available to one who can declare to the Court by way of affidavit that he 'cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and

4

dependents 'with the necessities of life.'" Kunamneni, 2010 WL 1946124, at *2 (quoting Adkins, 335 U.S. at 339-40). Thus, under Adkins, a plaintiff need only demonstrate that the payment of court costs imposes a substantial burden. Id.; see Kunamneni, 2010 WL 1946124, at *3 (denying IFP status to a litigant where the court found the litigant was not destitute). Further, when considering an application for IFP status, the district court's discretion is "limited to a determination of the applicant's poverty, good faith, and the meritorious character of the claim." Clark v. Richmond Behavioral Health Authority, 402 F. App'x 764, 766 (4th Cir. 2010) (citing Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980)); see Cobbs v. Bottling Group, LLC, 2011 WL 2838117 (W.D. Va. July 15, 2011).

Under the discretion possessed by this Court, the plaintiff's application for IFP status must be denied. The magistrate judge correctly points out that the plaintiff maintains more than sufficient funds to pay the filing fee. Moreover, after reviewing the plaintiff's claim of poverty, it appears that the plaintiff could pay the filing fee and "still 'provide [herself] with the necessities of life.'" Kunamneni, 2010 WL 1946124, at *3 (quoting Adkins, 335 U.S. at 331). Based on the plaintiff's financial status, and after a de novo review of the plaintiff's application, the plaintiff's application to proceed under IFP status must be

denied.  Accordingly, the report and recommendation of the magistrate judge is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, the plaintiff's application to proceed under in forma pauperis status (ECF No. 2) is DENIED. Therefore, the report and recommendation of the magistrate judge (ECF No. 12) is AFFIRMED AND ADOPTED. Accordingly, the plaintiff's objections (ECF No. 14) are OVERRULED.  The plaintiff has **14 days** from the receipt of this memorandum opinion and order to pay the filing fee.  If the plaintiff pays the fee, then her claim may be considered by the magistrate judge.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    August 31, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE