IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**WENDY YOUNG,**

    **Plaintiff,**

v.                                                               **Civil Action No. 5:15cv89**
                                                                     **(Judge Stamp)**

**TERRY O'BRIEN, Warden;
DR. GREGORY MIMS, Clinical
Director; and DR. JANET
SHACKELFORD, BOP
Medical Director,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Background

On July 10, 2015, the *pro se* plaintiff filed this <u>Bivens</u>[1] civil rights action, alleging that the defendants were deliberately indifferent to her serious medical needs by delaying treatment for a knee ligament injury, causing further damage to her knee. From the complaint, it appears that the plaintiff may have exhausted her administrative remedies. For relief, the plaintiff seeks unspecified equitable relief and a monetary judgment of $500,000.00. Along with her complaint, plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"); a copy of her Prisoner Trust Account Report ("PTAR") and its attached Ledger Sheets; but no Consent to Collection of Fees from Trust Account. The Clerk of Court issued a Notice of Deficient Pleading. On July 13, 2015, the Clerk issued an Amended Notice of Deficient Pleading, directing plaintiff to submit the Consent to Collection of Fees. On July 30, 2015, plaintiff filed the Consent to Collect, along with another PTAR, albeit without the Ledger Sheets.

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

On August 5, 2015, the undersigned issued a Report and Recommendation ("R&R"), recommending that plaintiff's IFP motion be denied because she had sufficient funds to pay the full filing fee.[2] Plaintiff timely objected. By Memorandum Opinion and Order entered August 31, 2015, the R&R was affirmed and adopted and plaintiff's objections were overruled. However, plaintiff was given an additional fourteen days from the date she received the Order to pay the full filing fee. The Order was sent via certified mail, return receipt requested. A review of the docket reveals that the return receipt proving delivery of the Order indicates that it was received on September 3, 2015, giving the plaintiff until September 17, 2015 to pay the fee.

On September 16, 2015, the plaintiff sent a "To Whom it May Concern" letter to the Court regarding the filing fee, indicating that she planned on sending the fee on October 5, 2015.

On September 17, 2015, plaintiff filed a letter to the Clerk of Court that was docketed as a motion requesting an extension of time in which to pay the full filing fee. By Order entered September 22, 2015, petitioner was granted another extension of time until October 13, 2015 to pay the filing fee.

On October 15, 2015, the plaintiff sent another "To Whom it May Concern" letter to the Court, averring that a check for $400 was *en route* and "you will receive it soon."[3] In purported proof thereof, she attached a copy of a Bureau of Prisons Request for Withdrawal of Inmate's Personal Funds, dated October 10, 2015, requesting that her account be charged the sum of $400.00 and that the same be sent to this Court. The Request was not signed by either the plaintiff or the Approving Official.

---

[2] The June 23, 2015 PTAR completed by the Correctional Counselor, filed with the plaintiff's complaint indicated that plaintiff's average monthly deposits within the six months prior to the filing of the complaint were $635.22, and that her account balance at that time was $464.61. The second PTAR, dated July 17, 2015, and filed on July 30, 2015, indicates that plaintiff's account balance at that time was $974.61 and her average monthly deposits during the six months prior to the filing of the complaint were $646.24.

[3] Dkt.# 21-1.

On October 26, 2015, plaintiff finally paid the fee.

Accordingly, by separate Orders entered October 26, 2015, the late fee was accepted and because the plaintiff was not entitled to court ordered service of process by the United States Marshal Service, an Order Regarding Preliminary Review and Service of Process was entered, advising plaintiff that she was responsible for obtaining service of process on her own, and informing her of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure. Sixty-day summonses were issued for each of the defendants, the United States Attorney for the Northern District of West Virginia, and the Attorney General of the United States. The summonses and a copy of the Orders were sent to the plaintiff via certified mail, return receipt requested.

On January 19, 2016, having never received a response from any of the defendants, nor any response from the plaintiff, a check of the docket revealed that the certified mail return receipt was never returned to the Court. A check of the certified mail number for the summonses and Orders was performed via the United States Postal Service online tracking. That inquiry indicated that the Orders and summonses arrived at a postal facility in Pittsburgh, Pennsylvania on October 28, 2015 and that "[t]he item is currently in transit to the destination." Assuming that at that point, the mailing was lost, the undersigned intended to reissue the summonses and re-send them with copies of the Orders, and giving plaintiff an extension of time in which to serve the defendants. However, a review of the docket revealed that on January 22, 2016, the plaintiff sent signed copies of all of the summonses, unexecuted, back to the Court.[4] On each summons, she checked the box for "I returned the summons unexecuted because _____[,]" but left blank the space provided to explain why the summonses were unexecuted. She included no cover letter to the court, offering an explanation.

## II. Analysis

---

[4] Dkt.# 26.

Rule 4(m) of the Federal Rules of Civil Procedure Summons: Time Limit for Service, states that

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m).

Here, plaintiff filed her complaint on July 10, 2015. Therefore, the defendants were required to be served on or before November 9, 2015.

It is apparent from the available record that despite the United States Postal Service's inadequacies regarding tracking, the plaintiff did receive the Order Regarding Preliminary Review and Service of Process and the summonses after all. Therefore, plaintiff was made aware of her responsibility to effectuate service of process upon the defendants and to timely provide the Court with certification of service by filing documents which reflect proper, completed service upon each party.

As plaintiff was advised, the failure to provide proof of proper service for a particular party, or the failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of this case without prejudice. It has now been over six and a half months since plaintiff filed the complaint. The plaintiff has had more than ample time within which to effectuate service. Instead, after nearly three months since being provided with the Order Regarding Preliminary Service of Process, she returned the blank summonses without any attempt to provide an explanation to the Court. A review of the docket today reveals that the plaintiff has still filed nothing

to explain her failure to effectuate service, has not requested an extension of time in which to do so, nor has she offered any explanation to the Court.

Accordingly, because the plaintiff has not shown good cause for the failure to effectuate service, the undersigned recommends that the complaint be dismissed for lack of service and for the failure to prosecute.

### III. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED without prejudice**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by February 9, 2016**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: January 26, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE