IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WENDY YOUNG,

     Plaintiff,

v.                                                      Civil Action No. 5:15CV89
                                                                    (STAMP)

TERRY O'BRIEN,
Complex Warden,
DR. GREGORY MIMS,
Clinical Director and
DR. JANET SHACKELFORD,
BOP Medical Director,

     Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING THE PLAINTIFF'S OBJECTIONS
AND DENYING PLAINTIFF'S MOTION FOR COUNSEL**

I.   Background

The pro se[1] plaintiff, a federal inmate, filed an action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff asserts that the defendants were deliberately indifferent to her medical needs regarding a knee injury. The plaintiff seeks at least $500,000.00 in compensatory damages. Previously, United States Magistrate Judge James E. Seibert entered a report and recommendation in which he denied the plaintiff's motion to proceed without prepayment of fees. The plaintiff filed objections to that report and recommendation, and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

this Court affirmed and adopted the ruling of the magistrate judge. The plaintiff ultimately paid the filing fee on October 26, 2015, albeit long after it was initially due.

Judge Seibert then entered an order informing the plaintiff about the preliminary review of her case and the requirements for serving process. ECF No. 24. The docket shows that the plaintiff sent signed copies of the summonses, which were unexecuted, back to the Court. ECF Nos. 25 and 26. No explanation was provided as to why the summonses were unexecuted, and the plaintiff did not provide the Court with further information. Magistrate Judge Seibert has since entered a report and recommendation, recommending that the plaintiff's complaint be dismissed without prejudice. The magistrate judge points out that the plaintiff received an order describing service of process and the summonses. That receipt means that the plaintiff knew of her responsibility to timely serve the defendants, but failed to do so. Moreover, it has now been six months since the plaintiff filed her complaint, and she has not shown good cause as to why she failed to serve the defendants. Therefore, the magistrate judge recommends that the plaintiff's civil action be dismissed without prejudice.

The plaintiff then timely filed objections. In her objections, she contends that she is autistic, and has been relying on the help of another inmate. She believes that her lack of assistance explains why she has not served the proper parties for

over six months.  Further, she attaches what she claims are copies of executed summonses.  The plaintiff also filed a motion seeking the appointment of counsel, and points to her autism as justifying her need for counsel.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, the plaintiff's objections are OVERRULED, and the plaintiff's motion for counsel is DENIED.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made.  Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

Rule 4(m) of the Federal Rules of Civil Procedure,[2] which discusses the time limits for service of process, states the following:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;

---

[2]It should be noted that the previous, unamended Federal Rules of Civil Procedure effective when the plaintiff filed her action apply, rather than the recently amended version which became effective on December 1, 2015.

3

> provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The record shows that the plaintiff filed her complaint on July 10, 2015. ECF No. 1. Based on Rule 4(m), that means the plaintiff had to serve the defendants by November 9, 2015. According to the record, however, the plaintiff failed to do so. The magistrate judge entered an order, which the plaintiff received, that notified the plaintiff that she "is responsible for obtaining service of process on her own, and in doing so, should be aware of" the requirements under Rule 4(m). ECF No. 24. That order also notified the plaintiff that she must serve the defendants by November 9, 2015, and the plaintiff was then forwarded the summonses for the named defendants. The record shows that the plaintiff then sent signed copies of the unexecuted summonses to this Court on January 22, 2016. She did not identify either on the summonses or by any other means why she failed to serve the defendants. Therefore, based on the record, it is clear that the plaintiff failed to comply with the requirements of Rule 4(m).

In her objections, the plaintiff believes that good cause exists so as to excuse her untimely service. She points to the fact that she has autism, and that an inmate she relied on for assistance is no longer available. She also attached copies of the summonses that the Clerk provided her in October, and claims that

4

they have since been executed. The United States Court of Appeals for the Fourth Circuit has noted that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). Moreover, the "plaintiff bears the burden of showing good cause." Hickman v. U.G. Lively, 897 F.Supp. 955, 959 (S.D. Tex. 1995) (citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)). "Good cause," at its minimum, "means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).

In this case, the plaintiff has made no showing of good cause. The plaintiff has not provided any medical proof of her autism. Taking her claim of autism at face value, the plaintiff has demonstrated no inability to litigate her claim. Her responses and filings do not show any limitations in her writing, and the record shows that she has previously filed documents in support of her claim. Absent good cause, the plaintiff's complaint must be dismissed. She has not met her burden, and therefore, her complaint is DISMISSED WITHOUT PREJUDICE and her objections are OVERRULED.

As to the plaintiff's motion for appointment of counsel, this Court points out that in civil cases, "there is no constitutional or statutory right to appointed counsel." Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013)(internal citation omitted). In determining whether to appoint counsel, "a trial judge should consider: (1) the plaintiff's financial ability to retain an attorney; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the case." Scott v. Health Net Federal Services, LLC, 463 F. App'x 206, 209 (4th Cir. 2012) (citing Young v. K-Mart Corp., 911 F. Supp. 210, 211-12 (E.D. Va. 1996). Nonetheless, the "decision of whether to appoint counsel is within the discretion of the trial judge." Young, 911 F. Supp. at 211 (citing Poindexter v. Federal Bureau of Investigation, 737 F.2d 1173, 1179 (D.C. Cir. 1984); Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir. 1982)). In this, case, the above factors weigh against appointing counsel. Although proceeding pro se, the plaintiff has not shown any effort to obtain counsel. Further, the merits of her case do not warrant the appointment of counsel. Therefore, based on the discretion possessed by this Court, the plaintiff's motion for counsel is DENIED.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED (ECF No. 27) and the plaintiff's objections are OVERRULED (ECF No. 30).

Accordingly, the plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE.  Finally, the plaintiff's motion for counsel is DENIED (ECF No. 29).

Should the petitioner choose to appeal this order of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 9, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE